**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL WIDMER, No. B30985,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 13-cv-00417-JPG** |
| | ) | |
| **DAVID VAUGHN, and** | ) | |
| **MARCUS HODGE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff Michael Widmer, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that prison chaplain David Vaughn and the warden of Lawrence, Marcus Hodge, have violated his First Amendment right to freely exercise his religion.  More specifically, Plaintiff asserts that, beginning in December 2012, Defendants Vaughn and Hodge have denied Plaintiff's repeated written and oral requests for permission to attend Hebrew Israelite religious services.  It is further asserted that other "similarly situated" inmates have been permitted to attend religious services.  The complaint also relates an incident where Chaplain Vaughn told Plaintiff that he, Vaughn, was a Christian, and Plaintiff could attend a Christian service, yet Vaughn never permitted Plaintiff to attend a Hebrew Israelite service, which could suggest a religious bias.

Plaintiff seeks declaratory judgment, compensatory and punitive damages, and injunctive relief (although no immediate relief is requested).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se*

complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Although Plaintiff Widmer only specifies that he is asserting a First Amendment claim regarding freedom of religion, based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Against Chaplain David Vaughn and Warden Marcus Hodge for denying Plaintiff Michael Widmer's First Amendment right to freely exercise his religion; and**

> **Count 2: Against Chaplain David Vaughn and Warden Marcus Hodge for discriminating against Plaintiff Michael Widmer's religious beliefs in violation of the Equal Protection Clause of the Fourteenth Amendment.**

## Discussion

### Count 1

The complaint states a colorable First Amendment claim against Chaplain Vaughn and Warden Hodge. Therefore, Count 1 shall proceed.

### Count 2

The complaint alleges: "I observed that other inmates similarly situated were offered an opportunity to attend chapel and exercise their freedom of religion." Out of an overabundance of caution, the Court has construed that statement as asserting a potential claim under the Equal Protection Clause of the Fourteenth Amendment (Count 2).

The Equal Protection Clause forbids a state to "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. As a general matter, a "prison

administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), cert. denied, 484 U.S. 935 (1987) (citing *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decision[-]maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).

A so-called "class-of-one" claim may also exist. *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 601 (2008), and *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), make clear that a class-of-one equal protection claim can succeed only if it is pleaded and proven that (1) the plaintiff has been intentionally treated differently from others similarly situated, and (2) there is no rational basis for different treatment.[1]

Count 2, as pleaded, fails to cross "the line between possibility and plausibility," even under the liberal notice pleading standard. *Twombly*, 550 U.S. at 557. The mere use of the catchphrase "similarly situated" is insufficient to state a viable Fourteenth Amendment equal protection claim. *See Brooks*, 578 F.3d at 581. It is not clear whether Plaintiff is attempting to

---

[1] In *Del Marcelle v. Brown County Corp.*, 680 F.3d 887 (7th Cir. 2012), the Court of Appeals for the Seventh Circuit explained that there is no consensus within the circuit regarding whether one must plead and prove "illegitimate animus" (Posner, J., leading opinion, affirming dismissal for failure to state a claim) ("The plaintiff must plead and prove both the absence of a rational basis for the defendant's action and some improper personal motive ... for the differential treatment."); *id.* at 913 (Wood, J., dissenting) (noting that a plaintiff must plead and prove that a state actor lacked a rational basis for singling him out); *id.* at 900 (Easterbrook, Chief Judge, concurring in the judgment) (motive or intent should play no role in a class-of-one claim). *See Jordan v. Cockroft*, 490 Fed.Appx. 813, 815 (7th Cir. 2012) (summarizing the perspectives of Circuit Judges Posner and Wood); *see also Del Marcelle*, 680 F.3d at 892-93 (collecting cases).

compare his treatment to how other Hebrew Israelites were treated, or to how practitioners of other unidentified religions were treated.  Moreover, the complaint does not indicate that one or both of the Defendants were involved in allowing those other inmates to attend chapel.  Liability under Section 1983 requires personal involvement in the alleged constitutional deprivation. *Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012).

For these reasons, Count 2 shall be dismissed without prejudice.

## Disposition

**COUNT 2**, the Fourteenth Amendment equal protection claim, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**COUNT 1**, the First Amendment freedom of religion claim, shall proceed.

The Clerk of Court shall prepare for Defendants **DAVID VAUGHN** and **MARCUS HODGE** :  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 29, 2013**

s/ J. PHIL GILBERT
United States District Judge