UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL WIDMER, B30985,

    Plaintiff,

        v.

DAVID VAUGHN and
MARCUS HODGE,

    Defendants.

Case No. 13-cv-00417 – JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants', David Vaughn and Marcus Hodge, Motion (Doc. 38) for Sanctions and Plaintiff's Motion to Stay Case and Set Status (Doc. 40). Plaintiff has filed a response (Doc. 39) in opposition of Defendants' Motion for Sanction.

A court may dismiss a case for misconduct or delay if the court determines that dismissal is an appropriately proportional sanction in relation to the misconduct or delay. *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *Kovilic Constr. Co. v. Missbrenner*, 106 F.3d 768, 773 (7th Cir. 1997); *see* Fed. R. Civ. P. 41(b). The court must consider "the gravity of the misconduct, the prejudice if any to the defendant, and whether the suit has any possible merit. . . ." *Bolt*, 106 F.3d at 773. It should also warn the party whose claims are to be dismissed, but need not if the conduct is egregious. *Id.*; *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *In re Bluestein & Co.*, 68 F.3d 1022, 1026 (7th Cir. 1995).

Other sanctions, including reasonable expenses and attorney fees, can be awarded. Sanctions can be imposed "unless the failure was substantially justified or other circumstances make an award of expenses unjust." F.R.Civ.Pro. 37(d)(3).

In this matter, Plaintiff refused to attend his deposition after being properly notified and Defendants are requesting that the Court award the sanction of dismissal, or in the alternative, order Plaintiff to pay the reasonable expenses incurred by his failure to appear.

Plaintiff has responded that he refused to attend the deposition because he was in fear of his life.  His Affidavit states, "I was threatened to be murdered by Sgt. Roger Pelker" and "I would die in Menard on October 23, 2014, on my way to take a deposition."  (Doc. 39).  Such threats, giving the Plaintiff every benefit with an abundance of caution, the failure may have been justified. However, it appears the threats were made prior to the deposition and the Plaintiff could have relayed the threats through the proper channels.   There is also no indication that he took any steps to notify the Defendants to cancel or reschedule the deposition after his release.

As such, the Defendant's Motion for Sanctions is **GRANTED** and Plaintiff is directed to pay the reasonable expenses incurred by his failure to appear.  Defendants are to submit their expenses to the Court for approval no later than **January 5th, 2015**.

Next, the Plaintiff has filed a Motion to Stay and Set Status (Doc. 40) stating he is due for release on December 26, 2014, and requests that a status be set prior to that date.   Given Plaintiff's concerns for retaliation and the threats he has stated he received prior to the deposition, it appears that the appropriate course of action would be to stay these proceedings until after the Plaintiff's release.  The Court further believes that these proceedings should be stayed until after the completion of the plaintiff's deposition.

Therefore, Defendants are **GRANTED** leave to conduct the Plaintiff's deposition.  The Plaintiff is **DIRECTED** to contact Defendant's counsel upon his release and make arrangements for his deposition.  The Plaintiff deposition will be conducted on or before **February 13, 2015**. Defendants are **DIRECTED** to notify this Court upon the completion of the Plaintiff's deposition

and/or the failure of the plaintiff to be deposed.  If the Plaintiff has not given his deposition by that time, the Court may dismiss this matter with prejudice for failure to prosecute.  The Court further finds that a status hearing is not necessary at this time.

Therefore, Defendants', David Vaughn and Marcus Hodge, Motion (Doc. 38) for Sanctions is **GRANTED**.  Plaintiff's Motion to Stay Case and Set Status (Doc. 40) is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

**DATED:**   12/10/2014

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**