# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL WIDMER, B30985,

     Plaintiff,

          v.                          Case No. 13-cv-00417 – JPG-PMF

DAVID VAUGHN and
MARCUS HODGE,

     Defendants.

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on its own Motion. This Court entered a Memorandum and Order (Doc. 41) on Defendant's Motion for Sanctions (Doc. 38) determining that Plaintiff should pay the reasonable expenses incurred by his failure to participate in his deposition and directed Defendants to submit their expenses to the Court for approval no later than January 5, 2015. Defendants failed to submit their expenses as directed. As such, Defendants have waived their award of reasonable expenses.

The Court's Memorandum and Order (Doc. 41) also directed the Plaintiff to contact Defendants' counsel upon his release from prison to make arrangements for his deposition and that the Plaintiff was required to provide his deposition on or before February 13, 2015. Per Defendants' Notice of Partial Compliance (Doc. 43), the Court has been informed that the Plaintiff has failed to make arrangement and/or provided his depositions prior to the February 13, 2015 deadline.

A court may dismiss a case for misconduct or delay if the court determines that dismissal is an appropriately proportional sanction in relation to the misconduct or delay. *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *Kovilic Constr. Co. v. Missbrenner*, 106 F.3d 768, 773 (7th Cir.

1997); *see* Fed. R. Civ. P. 41(b).   The court must consider the gravity of the misconduct, the prejudice if any to the defendant, and whether the suit has any possible merit.   *Bolt*, 106 F.3d at 773.   It should also warn the party whose claims are to be dismissed, but need not if the conduct is egregious.   *Id.*; *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *In re Bluestein & Co.*, 68 F.3d 1022, 1026 (7th Cir. 1995).

In this matter, Plaintiff refused to attend his deposition after being properly notified and then failed to obey this Court's order to Plaintiff to contact Defendants' counsel upon his release from prison to make arrangements for his deposition.   The Court's Memorandum and Order (Doc. 41) clearly stated that if the Plaintiff had not given his deposition by February 13, 2015, the Court may dismiss this matter with prejudice.   F.R.Civ.Pro. 37(b)(2)(A).

Based on the foregoing, this matter is **DISMISSED** with prejudice.   The Clerk of Court is **DIRECTED** to enter judgment according.

**IT IS SO ORDERED.**

**DATED:**     2/23/2015

J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**